1  GIANCARLO UREY (State Bar No. 267069)
     giancarlourey@dwt.com
2  LORRAINE WANG (State Bar No. 341172)
     lorrainewang@dwt.com
3  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
4  Los Angeles, California  90017-2566
   Telephone:  (213) 633-6800
5  Fax:  (213) 633-6899

6  Attorneys for Defendant
   TRIPLE B CORPORATION
7  dba CHARLIES PRODUCE

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11
   MATTHEW LOPEZ, an individual,          Case No. 2:22-cv-06344
12
                Plaintiff,                **NOTICE OF REMOVAL AND**
13                                        **REMOVAL OF ACTION TO**
          vs.                             **FEDERAL COURT PURSUANT TO**
14                                        **28 U.S.C. §§ 1331 and 1332**
   CHARLIES PRODUCE, a Washington         **(FEDERAL QUESTION AND**
15 corporation; and DOES 1-50, inclusive, **DIVERSITY JURISDICTION)**
16                Defendants.             [Filed Concurrently with Declaration
17                                        of Lorraine Wang; Declaration
                                          of Sue Quirk; Defendant's
18                                        Corporate Disclosure Statement;
                                          and Civil Cover Sheet]
19
20                                        State Action Filed: August 10, 2022
21
22
23
24
25
26
27
28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Triple B Corporation dba Charlies Produce ("Defendant") hereby removes to this Court the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1331, 1332, 1441, and 1446, on the grounds that: (1) the case involves the federal question of whether the federal Families First Coronavirus Response Act was violated; (2) Plaintiff Matthew Lopez is a citizen of a State different from Defendant; and (3) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

## JURISDICTION AND VENUE

1.      The Court has original jurisdiction over this action under 28 U.S.C. Section 1331.  Mr. Lopez's Complaint asserts a federal cause of action against Defendant.  Specifically, Mr. Lopez alleges that Defendant violated the Families First Coronavirus Response Act ("FFCRA"), a statute enacted by Congress. Therefore, this Court has federal question jurisdiction pursuant to 28 U.S.C. Section 1331.

2.      The Court also has original jurisdiction over this action under 28 U.S.C. Section 1332(a).  It is an action in which there is complete diversity between Mr. Lopez and Defendant and the amount in controversy exceeds $75,000. Thus, this action is removable pursuant to 28 U.S.C. Section 1441.

3.      Because the state court action is pending in the Superior Court of California, County of Los Angeles, removal of the state court action to this District Court is proper under 28 U.S.C. Sections 1441(a), 1446(a).

4.      On or about August 10, 2022, Mr. Lopez filed the above-captioned action in the Superior Court of the State of California, County of Los Angeles ("State Action").  A true and correct copy of the Complaint in the State Action

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

("Complaint") is attached hereto as **Exhibit A.**  The Complaint alleges five employment-related causes of action: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of the FEHA; (3) failure to prevent in violation of the FEHA; (4) violation of the FFCRA; and (5) wrongful termination in violation of public policy.

5.      On August 11, 2022, Mr. Lopez served the Complaint on Defendant's Registered Agent for Service.  A true and correct copy of the Proof and Service of Summons is attached hereto as **Exhibit D.**  Accordingly, this Notice of Removal is timely filed within the 30-day period set forth in 28 U.S.C. Section 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

6.      Defendant filed an Answer in state court on September 2, 2022.  A true and correct copy of the Answer is attached hereto as **Exhibit E.**

7.      The Complaint also identifies "DOES 1-50" as defendants in the above action.  Because "DOES 1-50" are fictitious and have not yet been served, their consent to joinder in removal is not required.  *See* 28 U.S.C. Section 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."); *see also Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (defendants named in the state court action but not yet served need not be joined in the removal); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Cmty. Bldg. Co. v. Maryland Cas. Co.,* 8 F.2d 678, 678-79 (9th Cir. 1925).

## FEDERAL QUESTION JURISDICTION

8.      Congress enacted the FFCRA in March 2020 in response to the COVID-19 pandemic.  Mr. Lopez alleges that Defendant "terminated Plaintiff in retaliation for her [*sic*] request for leave and/or taking leave in violation of the FFCRA."  Complaint ¶ 41.  Because the FFCRA is a law of the United States, this Court has original jurisdiction pursuant to 28 U.S.C. Section 1331, and the action may be removed pursuant to 28 U.S.C. Section 1441.

NOTICE OF REMOVAL

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

9.     Mr. Lopez also alleges California state law causes of action that arise from the same allegations as his federal law claim.  Therefore, this Court also has supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. Section 1367.

### DIVERSITY JURISDICTION

10.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1332(a), and is one which may be removed to this Court under 28 U.S.C. Section  1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11.     <u>Plaintiff's Citizenship</u>: Mr. Lopez alleges in the Complaint that he is a "resident of the State of California."  Complaint ¶ 1.

12.     <u>Defendant's Citizenship</u>: Defendant is a corporation organized and existing under the laws of the State of Washington.  *See* Declaration of Sue Quirk "Quirk Decl.") ¶ 2.  Defendant's headquarters and principal place of business is located at 4103 2nd Avenue South, Seattle, Washington.  *Id.*

a)     The Supreme Court has held that a corporation's principal place of business is where "the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' . . . the 'nerve center' will typically be found at a corporation's headquarters."  *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010) (internal citations omitted).

b)     Defendant maintains its corporate headquarters in the State of Washington.  That is where the corporation's primary executive, administrative, financial, and management functions are conducted and where high level officers— such as the Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer—direct, control, and coordinate the corporation's activities.  *See* Quirk Decl. ¶ 3.  Accordingly, for purposes of jurisdiction under 28 U.S.C Section

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1332(a), Defendant is a citizen of the State of Washington.  Defendant is not now, or at the time of filing, a citizen of the State of California; Defendant's high level officers do *not* direct, control, and/or coordinate the operations of Defendant from the State of California.

13.     Pursuant to 28 U.S.C. Section 1441(b)(1), "[i]n determining whether a civil action is removable . . . the citizenship of defendants sued under fictitious names shall be disregarded."  Thus, the fictitious "DOES 1-50" in this action shall be disregarded for determining diversity jurisdiction, and there is complete diversity between the parties for purposes of removal.

14.     With respect to the amount in controversy, the threshold amount is satisfied in this action.  In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff "on all claims made in the complaint."  *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted).  In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000.  *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("[A]ggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant.") (internal quotations omitted).

15.     Here, Mr. Lopez's allegations and the prayer for relief in the Complaint confirm that Mr. Lopez is seeking in excess of $75,000.  The Complaint prays for relief against Defendant on five causes of action for the following damages: general damages, including emotional distress and physical harm; special damages, including loss of earnings, benefits, and future opportunities; punitive damages; attorney's fees; prejudgment interest; and the costs of suit.  *See* Complaint ¶¶ 17-20, 24-27, 32-35, 42-45, 50-52, and Prayer for Relief.

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

a)      Mr. Lopez seeks to recover "loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation."  Complaint  ¶¶ 17, 25, 32, 42, 50.  Mr. Lopez alleges that "Defendant wrongfully terminated [his] employment on or about August 19, 2020."  Complaint ¶ 6.  At that time, Mr. Lopez was a full-time employee earning $16.25 an hour, or about $2,816 a month.  *See* Quirk Decl. ¶ 6.  It has been two years since the alleged wrongful termination in August 2020, putting approximate lost earnings at no less than $67,584.

b)      Mr. Lopez seeks to recover damages for "emotional distress, humiliation, mental anguish, and embarrassment, as well as the manifestation of physical symptoms."  *See* Complaint ¶¶ 18, 24, 33, 43, and 51.  Emotional distress damages have value for purposes of determining the amount in controversy.  *See Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005) (emotional distress damages of at least $25,000 considered in calculating amount in controversy).

c)      Mr. Lopez seeks to recover punitive damages.  Complaint  ¶¶ 20, 27, 35, 45, 52, and Prayer.  "It is well established that punitive damages are part of the amount in controversy in a civil action."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

d)      Mr. Lopez seeks to recover attorney's fees as provided per statute.  Complaint ¶¶ 19, 26, 34, 44, and Prayer.  Such fees are included in the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  Here, Mr. Lopez seeks attorneys' fees under the FEHA, Government Code Sections 12900, *et seq,* which under Government Code Section 12965(c) permits the prevailing party an award of reasonable attorneys' fees.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

16.     Thus, based on the nature of Mr. Lopez's allegations and the anticipated relief he will seek—including lost employment earnings, punitive damages, and attorney's fees—it is apparent that the amount in controversy exceeds $75,000.  *See, e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003) (affirmed district court determination that it was "facially apparent" that the jurisdictional amount was satisfied based on a request for compensatory damages, punitive damages, and attorney's fees); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (jurisdictional amount satisfied based on damage claims for pain and suffering and humiliation).  Moreover, with claims similar to Mr. Lopez's in the instant action, Southern California juries have awarded plaintiffs damages well in excess of $75,000.  *See Dillon v. Burbank-Glendale-Pasadena Airport Authority*, No. BC386989, 2009 WL 1323588 (Cal. Super. Ct., April 21, 2009) (jury verdict totaling $976,962 for lost earnings, future lost earnings, and past non-economic damages); *Ismen v. Beverly Hospital*, No. BC366198, 2008 WL 4056258 (Cal. Super. Ct., August 13, 2008) (jury verdict totaling $1,180,164 for economic damages for future wage loss, emotional distress, and punitive damages); and *Kolas v. Access Business Group LLC*, No. BC362432, 2008 WL 496470 (Cal. Super. Ct., January 14, 2008) (jury verdict totaling $600,000 for lost earnings, future lost earnings, and non-economic damages).  Here, combining Mr. Lopez's anticipated claims for lost earnings, the jurisdictional minimum is satisfied.

17.     As there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. Section 1332(a) and it is removable under 28 U.S.C. Section 1441.

## **MISCELLANEOUS**

18.     Pursuant to 28 U.S.C. Section 1446(a), the following constitutes all of the process, pleadings, or orders received or served by Defendant or otherwise

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

found in the State Action court file, and available to Defendant at the time of the filing of this removal.  True and correct copies are attached of the following:

Ex. A:  Complaint, filed by Mr. Lopez in the State Action;

Ex. B:  Summons, filed by Mr. Lopez;

Ex. C:  Civil Cover Sheet, filed by Mr. Lopez;

Ex. D:  Proof of Service of Summons, filed by Mr. Lopez;

Ex. E:  Answer, filed by Defendant;

19.    Concurrently with the filing of this Notice, Defendant has provided a written notice of removal to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the Superior Court of Los Angeles County.

20.    Defendant has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.


Based on the foregoing, Defendant hereby removes this action from the Superior Court of Los Angeles County to this Court, and requests that further proceedings be conducted in this Court as provided by law.


DATED: September 7, 2022

DAVIS WRIGHT TREMAINE LLP
GIANCARLO UREY
LORRAINE WANG


By: _____
        Lorraine Wang

Attorneys for Defendant
TRIPLE B CORPORATION dba
CHARLIES PRODUCE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 08/10/2022 03:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
22STCV25850

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Fruin

**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
D. AARON BROCK, STATE BAR NO. 241919
JESSE S. STRATOS, STATE BAR NO. 313429

**Attorneys for Plaintiff**
Matthew Lopez

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL

| | |
|---|---|
| MATTHEW LOPEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLIES PRODUCE, a Washington corporation; and<br>DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 22STCV25850<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA;**<br><br>(2) **RETALIATION IN VIOLATION OF THE FEHA;**<br><br>(3) **FAILURE TO PREVENT IN VIOLATION OF THE FEHA;**<br><br>(4) **VIOLATION OF FAMILIES FIRST CORONAVIRUS RESPONSE ACT; and**<br><br>(5) **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT**

1    Plaintiff, MATTHEW LOPEZ, hereby brings his employment complaint, demanding a

2    trial by jury, against the above-named Defendants and states and alleges as follows:

3                                  **THE PARTIES**

4        1.    Plaintiff, MATTHEW LOPEZ, is an individual and resident of the State of

5    California.

6        2.    At all times mentioned herein, Defendant CHARLIES PRODUCE was a

7    Washington corporation doing business in the County of Los Angeles at 5301 Rivergrade Road,

8    Irwindale, California 91706. At the time the causes of action arose, Defendants CHARLIES

9    PRODUCE and/or DOES 1-50 were Plaintiff's employer(s).

10       3.    The true names and capacities, whether individual, corporate, associate or otherwise

11   of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under said

12   fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe

13   defendant is legally responsible in some manner for the events referred to in this Complaint, is

14   either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or

15   otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the

16   future seek leave of this court to show the true names and capacities of these Doe defendants

17   when it has been ascertained.

18       4.    Plaintiff is informed and believes, and based thereon alleges, that each defendant

19   acted in all respects pertinent to this action as the agent of the other defendants, carried out a

20   joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each

21   defendant are legally attributable to the other defendants.

22       5.    Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or

23   Defendants shall refer to all Defendants, and each of them

24                               **THE ALLEGATIONS**

25       6.    Plaintiff worked for Defendant from on or about August 5, 2019 until Defendant

26   wrongfully terminated Plaintiff's employment on or about August 19, 2020.

27       7.    Plaintiff worked for Defendant in the position of Order Selector. At all times,

28   Plaintiff was a good employee.

2

**COMPLAINT**

BROCK
GONZALES
&

8.     On or about December 16, 2020, Plaintiff sustained the disability of a fractured knee. Plaintiff notified Defendant of his disability and requested an unpaid, finite leave of absence to treat and recover as reasonable accommodation for his disability. Plaintiff returned to work in or around January 2020. Plaintiff is informed and believes, and based thereon alleges, that Defendant was frustrated that it had to provide reasonable accommodation to Plaintiff.

9.     Plaintiff's wife is an emergency room nurse. In or around April 2020, when the COVID-19 pandemic began stressing the hospital systems, Plaintiff's wife was required to work a more demanding schedule. At the same time, Plaintiff's child's childcare provider closed and/or was unavailable for reasons related to COVID-19. As a result, Plaintiff became the primary caretaker for his child. Therefore, Plaintiff notified Defendant of his situation and despite being eligible for protected leave under the Family First Coronavirus Response Act ("FFCRA"), Defendant did not provide Plaintiff with notice of his rights under the FFCRA or provide him leave under the FFCRA. Instead, Defendant began punishing Plaintiff for his attendance.

10.   The situation culminated in August 2020, when again Plaintiff was unable to work due to that fact that Plaintiff's child's childcare provider closed and/or was unavailable for reasons related to COVID-19. Defendant did not provide Plaintiff with notice of his rights under the FFCRA or provide him leave under the FFCRA. Instead, Defendant accused Plaintiff having attendance issues and terminated Plaintiff's employment, claiming he abandoned his job.

11.   Plaintiff is informed and believes, and based thereon alleges, that Defendant interfered with Plaintiff's right under the FFCRA and wrongfully terminated Plaintiff's employment on the basis of Plaintiff's disability and/or in retaliation for needing reasonable accommodation.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.   On August 10, 2022, Plaintiff filed charges with the State of California, Department of Fair Employment and Housing. The Department of Fair Employment and Housing closed Plaintiff's case in order to allow Plaintiff to pursue his civil remedies under the Fair Employment Housing Act ("FEHA") and issued Plaintiff a "Right-to-Sue" letter that same day.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA

#### (Against ALL Defendants)

13. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 12 of this Complaint.

14. At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

15. The FEHA requires Defendants to refrain from discriminating against any employee on the basis of actual and/or perceived disability.

16. Defendants engaged in unlawful employment practices in violation of the FEHA.

17. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

18. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

19. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

20. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination based on a disability and required Defendant's managers,

BROCK
GONZALES
&

1   officers, and agents to prevent disability discrimination. However, Defendants chose to

2   consciously and willfully ignore said policies and procedures and therefore, their outrageous

3   conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights

4   of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided,

5   abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct

6   alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against

7   each Defendant in an amount to be established that is appropriate to punish each Defendant and

8   deter others from engaging in such conduct in the future.

9                      **SECOND CAUSE OF ACTION**

10              **RETALIATION IN VIOLATION OF THE FEHA**

11                        **(Against ALL Defendants)**

12       21.   Plaintiff restates and incorporates by this reference as if fully set forth herein

13   paragraphs 1 through 20 of this Complaint.

14       22.   The FEHA protects all individuals from retaliation for engaging in a protected

15   activity. Plaintiff engaged in a protected activity by reporting his actual and/or perceived

16   disability(s) and/or needed accommodation for his disability(s).

17       23.   Thereafter, Defendants retaliated against Plaintiff and terminated his employment.

18       24.   As a direct and proximate result of the acts of Defendants, Plaintiff has and will

19   continue to suffer severe mental anguish and emotional distress in the form of anger, anxiety,

20   embarrassment, headaches, humiliation, loss of sleep, confidence, self-esteem and general

21   discomfort; will incur medical expenses for treatment by psychotherapists and other health care

22   professionals, and other incidental expenses; suffer loss of earnings and other employment

23   benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages

24   in an amount according to proof at trial.

25       25.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

26   actual, consequential and incidental financial losses, including without limitation, loss of salary

27   and benefits, and the intangible loss of employment related opportunities in his field and damage

28   to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

5

**COMPLAINT**

BROCK & GONZALES

1   claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or

2   any other provision of law providing for prejudgment interest.

3       26.   As a direct and proximate result of Defendants' discriminatory conduct, as alleged

4   herein, Plaintiff has been compelled to retain legal counsel, and is therefore entitled to reasonable

5   attorneys' fees and costs of suit, pursuant to Government Code §§ 12940, 12965 subdivision (b).

6       27.   Defendant had in place policies and procedures that specifically required Defendant's

7   managers, officers, and agents to prevent retaliation against and upon their employees. Plaintiff

8   relied on the fact that Defendant would follow these known policies, yet Defendant consciously

9   chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious,

10  oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties

11  owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized,

12  ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should,

13  therefore, be awarded exemplary and punitive damages against each Defendant in an amount to

14  be established that is appropriate to punish each Defendant and deter others from engaging in

15  such conduct.

16              **THIRD CAUSE OF ACTION**

17        **FAILURE TO PREVENT IN VIOLATION OF THE FEHA**

18              **(Against ALL Defendants)**

19      28.   Plaintiff restates and incorporates by this reference as if fully set forth herein

20  paragraphs 1 through 27 of this Complaint.

21      29.   At all times mentioned herein, California Government Code Section 12940, et seq.,

22  including but not limited to Section 12940 (k), was in full force and effect and was binding upon

23  Defendants and each of them. This section imposes on an employer a duty to take all reasonable

24  steps necessary to prevent discrimination and retaliation from occurring, among other things.

25      30.   Defendants failed to take all reasonable steps necessary to prevent discrimination and

26  retaliation from occurring.

27  ///

28  ///

31.   In failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination and retaliation from occurring, Defendants violated California <u>Government Code</u> § 12940 (k), causing Plaintiff to suffer damages as set forth above.

32.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to <u>Civil Code</u> § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

33.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

34.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California <u>Government Code</u> § 12965(b).

35.   Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination and retaliation against and upon their employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each

7

**COMPLAINT**

1 | Defendant in an amount to be established that is appropriate to punish each Defendant and deter
2 | others from engaging in such conduct.

### FOURTH CAUSE OF ACTION

**VIOLATION OF FAMILIES FIRST CORONAVIRUS RESPONSE ACT**

**(Against ALL Defendants)**

36. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 35 of this Complaint.

37. On April 1, 2020, the Families First Coronavirus Response Act ("FFCRA") became effective and created two new emergency paid leave requirements in response to the COVID-19 global pandemic. Division E of the FFCRA, "The Emergency Paid Sick Leave Act" ("EPSLA"), entitles certain employees to take up to two weeks of paid sick leave. Division C of the FFCRA, "The Emergency Family and Medical Leave Expansion Act" (EFMLEA), amended Title I of the Family and Medical Leave Act, 29 U.S.C. 2601 et seq. (FMLA), and permits certain employees to take up to twelve weeks of expanded family and medical leave, ten of which are paid, for specified reasons related to COVID-19.

38. At all times material herein, Defendants were covered entities under the FFCRA. At all times material hereto, Plaintiff was a covered employee under the FFCRA pursuant to 29 CFR § 826.20.

39. At all times material herein, it was "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA, of which Division C of the FFCRA made the EFMLEA a part of. (29 USC § 2615(a)(1); 29 CFR § 825.220(a)(1).)

40. Plaintiff requested leave pursuant to Division C of the FFCRA, the EFMLEA, to care for his child due to his children's school and/or place of care closing related to COVID-19.

41. Defendants willfully interfered with Plaintiff's rights and his exercise and/or attempted exercise of those rights. Defendant then terminated Plaintiff in retaliation for her request for leave and/or taking leave in violation of the FFCRA

///

BROCK
GONZALES
&

8

**COMPLAINT**

42.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

43.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

44.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under the FFCRA.

45.   The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination and/or retaliation and required Defendant's managers, officers, and agents to prevent discrimination and/or retaliation. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

///
///

9

**COMPLAINT**

### FIFTH CAUSE OF ACTION

#### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

#### (Against ALL Defendants)

46.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 45 of this Complaint.

47.   At all times mentioned, the public policy of the state of California, as codified, expressed and mandated in California Government Code §12940 et seq. is to prohibit employers from discriminating and retaliating against any individual on the basis of perceived and/or disability, and/or for engaging in protected activities, including requesting and/or taking protected leave. This public policy of the state of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large.

48.   At all times mentioned, the public policy of the United States, as well as the state of California, as codified, expressed and mandated in "The Families First Coronavirus Response Act" is to prohibit employers from discriminating and retaliating against any individual who takes leave and/or attempts to take leave to care for his/her children due to his/her children's school and/or place of care closing related to COVID-19. This public policy of the state of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large.

49.   Accordingly, the actions of Defendants, as described herein, were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California and the laws and regulations promulgated thereunder.

50.   As a proximate result of the aforesaid act of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

**COMPLAINT**

1    51.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

2    continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

3    as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon

4    alleges, that he will continue to experience said physical and emotional suffering for a period in

5    the future not presently ascertainable, all in an amount subject to proof at the time of trial.

6    52.   Defendants had in place policies and procedures that specifically required

7    Defendants' managers, officers, and agents to prevent the termination of its employees based on

8    California public policy. Plaintiff relied on the fact that Defendants would follow these known

9    policies, yet Defendants consciously chose not to follow said policies. Therefore, Defendants'

10   conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights

11   of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided,

12   abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct

13   alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against

14   each Defendant in an amount to be established that is appropriate to punish each Defendant and

15   deter others from engaging in such conduct.

16

17   **WHEREFORE**, Plaintiff prays for judgment as follows:

18       1.   For general damages according to proof;

19       2.   For special damages according to proof;

20       3.   For punitive damages;

21       4.   For medical expenses and related items of expense, according to proof;

22       5.   For loss of earnings, according to proof;

23       6.   For attorneys' fees, according to proof;

24       7.   For prejudgment interest, according to proof;

25       8.   For costs of suit incurred herein;

26       9.   For declaratory relief pursuant to Harris v. City of Santa Monica;

27       10. For injunctive relief pursuant to Harris v. City of Santa Monica; and

28       11. For such other relief and the Court may deem just and proper.

11

**COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2       Plaintiff hereby demands a trial by jury.

3

4

5    DATED:       August 10, 2022              BROCK & GONZALES, LLP

6

7                                     By:     _____

8                                             D. AARON BROCK

9                                             JESSE S. STRATOS

10                                            Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 08/10/2022 03:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
22STCV25850

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
 CHARLIES PRODUCE, a Washington corporation; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
 MATTHEW LOPEZ, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Superior Court of the State of California<br>*(El nombre y dirección de la corte es):*<br>For the County of Los Angeles-Central<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>22STCV25850 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brock & Gonzales LLP, 6701 Center Drive West, Ste. 610, Los Angeles, CA 90045, (310) 294-9595

| DATE: Sherri R. Carter Executive Officer / Clerk of Court Clerk, by | | , Deputy |
|---|---|---|
| *(Fecha)* 08/10/2022 | *(Secretario)* Y. Tarasyuk | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [x] on behalf of *(specify):*   CHARLIES PRODUCE, A WASHINGTON CORPORATION

   under: [x] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)          [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**   [ Print this form ]   [ Save this form ]      [ Clear this form ]

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 08/10/2022 03:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarabyuk,Deputy Clerk

22STCV25850

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| D. Aaron Brock SBN: 241919, Jesse S. Stratos SBN: 313429<br>Brock & Gonzales LLP, 6701 Center Drive West, Ste. 610, Los Angeles, CA 90045<br><br>TELEPHONE NO.: (310) 294-9595    FAX NO. *(Optional)*: (310) 961-3673<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name)*: Plaintiff, Matthew Lopez | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk-Central

CASE NAME:
Matthew Lopez v. Charlies Produce

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV25850<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify)*: 5
5. This case [ ] is [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 08/10/2022
D. Aaron Brock
_____ (TYPE OR PRINT NAME)          _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (not asbestos or
    toxic/environmental) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (not civil
    harassment) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (not unlawful detainer
            or wrongful eviction)
    Contract/Warranty Breach–Seller
        Plaintiff (not fraud or negligence)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book account) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (not provisionally
    complex) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (not eminent
        domain, landlord/tenant, or
        foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (arising from provisionally complex
    case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (non-
        domestic relations)
    Sister State Judgment
    Administrative Agency Award
        (not unpaid taxes)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
    above) (42)
    Declaratory Relief Only
    Injunctive Relief Only (non-
        harassment)
    Mechanics Lien
    Other Commercial Complaint
        Case (non-tort/non-complex)
    Other Civil Complaint
        (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (not specified
    above) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

---

**CIVIL CASE COVER SHEET**

**For your protection and privacy, please press the Clear**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Lopez v. Charlies Produce | 22STCV25850 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) |
|---|

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner lives. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Mandatory personal injury filing in North District. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. | Location of property or permanently garaged vehicle. | | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Personal Injury Cases Assigned to the Personal Injury Hub Courts** | | | |
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, 11 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Lopez v. Charlies Produce | |

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| | **Personal Injury Cases Assigned to the Independent Calendar Courts** | | |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 3, 5 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| | **Other Civil Cases Assigned to Independent Calendar Courts** | | |
| **Non-Personal Injury/Property Damage /Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| Lopez v. Charlies Produce | | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/<br>Warranty (06)<br>(not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/<br>negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental<br>Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off<br>consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/<br>negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain,<br>landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer –<br>Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer –<br>Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or<br>wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post<br>Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer –<br>Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration<br>(11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Lopez v. Charlies Produce | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Judicial Review** | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Lopez v. Charlies Produce | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Miscellaneous Civil Petitions** | Other Petitions<br>(not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases).

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>5301 Rivergrade Road |
|---|---|
| CITY:<br>Irwindale | STATE:<br>CA | ZIP CODE:<br>91706 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 08/10/2022 _____               _____
                                                   (SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).

5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.

6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 05/22          CIVIL CASE COVER SHEET ADDENDUM          LASC Local Rule 2.3
For Mandatory Use                    AND STATEMENT OF LOCATION

# EXHIBIT D

**POS-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
D. Aaron Brock, Esq. | SBN: 241919
BROCK & GONZALES LLP
6701 Center Drive West Ste 610   Los Angeles, CA 90045

TELEPHONE NO.: (310) 694-3590 | FAX NO. (310) 961-3673 | E-MAIL ADDRESS ab@brockgonzales.com
ATTORNEY FOR *(Name)*: Plaintiff: Matthew Lopez

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012-3117
BRANCH NAME: STANLEY MOSK

PLAINTIFF/PETITIONER: Matthew Lopez, an Individual
DEFENDANT/RESPONDENT: Charlies Produce, a Washington Corporation, et al.

CASE NUMBER:
22STCV25850

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Matthew Lopez v. Charlies Produce |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ other *(specify documents):* **Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment- Unlimited Civil Case**

3. a. Party served *(specify name of party as shown on documents served):*
   **Charlies Produce, a Washington Corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Jammie Stone (Mail Team) - Authorized to Accept**
   **Age: 40 | Weight: 180 lbs | Hair: Red | Sex: Female | Height: 5'7 | Eyes: Blue | Race: Caucasian**

4. Address where the party was served: **2108 N St Ste N**
   **Sacramento, CA 95816-5712**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **8/11/2022**   (2) at *(time):* **2:36 PM**

   b. ☐ **by substituted service.** On *(date):*  at  *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*  **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

PETITIONER:  **Matthew Lopez, an Individual**

RESPONDENT:  **Charlies Produce, a Washington Corporation, et al.**

**22STCV25850**

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                          (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of  *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of **CHARLIES PRODUCE, A WASHINGTON CORPORATION**
under the following Code of Civil Procedure section:

☑ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                          ☐ other:

7. **Person who served papers**
   a. Name:  **Brian Bernal - Nationwide Legal, LLC REG: 12-234648**
   b. Address:  **1609 James M Wood Blvd.  Los Angeles, CA 90015**
   c. Telephone number:  **(213) 249-9999**
   d. **The fee** for service was: **$ 162.10**
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ registered California process server:
          (i) ☐ owner ☐ employee ☑ independent contractor.
          (ii) Registration No.: **2020-32**
          (iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **8/12/2022**

**N** **Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**
**www.nationwideasap.com**

_____
**Brian Bernal**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶

# EXHIBIT E

Electronically FILED by Superior Court of California, County of Los Angeles on 09/02/2022 10:46 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Lopez,Deputy Clerk

GIANCARLO UREY (State Bar No. 267069)
   giancarlourey@dwt.com
LORRAINE WANG (State Bar No. 341172)
   lorrainewang@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
TRIPLE B CORPORATION dba
CHARLIES PRODUCE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MATTHEW LOPEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLIES PRODUCE, a Washington corporation; and DOES 1-50, inclusive,<br><br>Defendant. | Case No. **22STCV25850**<br><br>**ANSWER TO COMPLAINT**<br><br>Assigned to the Hon. Richard L. Fruin<br>Dept.:          15<br><br>Action Filed:  August 10, 2022 |

Defendant Triple B Corporation dba Charlies Produce ("Defendant"), answering for itself and no others, in response to the unverified Complaint for Damages ("Complaint") filed by Plaintiff Matthew Lopez ("Plaintiff"), responds as follows:

## GENERAL DENIAL

1. Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint and each and every cause of action therein.

2. Defendant further denies that Plaintiff has sustained any injury, damage or loss by reason of any act or omission on the part of Defendant, and specifically denies that Plaintiff suffered any of the damages alleged in the Complaint.

3. Defendant further denies that Plaintiff is entitled to any relief against Defendant on any ground whatsoever, and denies that Plaintiff is entitled to damages against Defendant in any amount.

## AFFIRMATIVE AND OTHER DEFENSES

Having fully answered the allegations in the Complaint, Defendant asserts the following additional affirmative and other defenses.  In so doing, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause, or causes, of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. The Complaint, and each and every cause of action therein, is barred by the applicable statute(s) of limitations, including, without limitation, California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340, California Civil Code Sections 52(b)(2), California Government Code Sections 12960(d) and 12965(b), and California Business and Professions Code Section 17208.

ANSWER TO COMPLAINT
4879-1743-1599v.2 0081081-000066

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**THIRD AFFIRMATIVE DEFENSE**

**(Laches/Waiver/Estoppel/Unclean Hands)**

3.     The Complaint, and each and every cause of action therein, is barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Fulfill Administrative Prerequisites)**

4.     Plaintiff is precluded from asserting some or all of Plaintiff's claims to the extent that Plaintiff has failed to satisfy and exhaust the administrative prerequisites for bringing such claims, and/or to the extent the Complaint is based on alleged acts or omissions not encompassed in the charges filed by Plaintiff with the California Department of Fair Employment and Housing.

**FIFTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusivity)**

5.     As to any claim by Plaintiff for physical, mental or emotional distress arising out of Plaintiff's employment, any such claim is barred in whole or in part by the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq.*, which provides the exclusive remedy for such injuries.

**SIXTH AFFIRMATIVE DEFENSE**

**(Ratification)**

6.     The Complaint, and each and every cause of action therein, is barred by the ratification of, acquiescence in, or consent to Defendant's alleged conduct by Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith/Business Judgment)**

7.     The Complaint, and each and every cause of action therein, is barred because the acts or omissions of Defendant at all times relevant were in good faith, in the exercise of its reasonable business judgment, for good cause, and for legitimate business purposes and/or necessity, and therefore, privileged.

ANSWER TO COMPLAINT
4879-1743-1599v.2 0081081-000066

3

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**EIGHTH AFFIRMATIVE DEFENSE**

**(Reasonable Care/Failure to Complain)**

8.      The Complaint, and each and every cause of action therein, is barred because (a) Defendant exercised reasonable care to prevent and correct promptly any alleged unlawful, discriminatory behavior; (b) Plaintiff failed to exercise reasonable care, as required by California Labor Code Sections 2853 and 2854; and/or (c) Plaintiff failed to take reasonable advantage of any preventive or corrective opportunities provided by Defendant by, *inter alia,* utilizing or exhausting Defendant's internal complaint procedures or to otherwise notify Defendant of the allegations made in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Fault of Plaintiff and/or Third Parties)**

9.      If Plaintiff sustained any damages, which Defendant denies, such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiff and/or third parties, or Plaintiff and/or third parties otherwise were at fault.  Plaintiff is therefore not entitled to any relief under the Complaint or under any cause of action purported to be alleged against Defendant therein, or Plaintiff's recovery, if any, should thereby be reduced in proportion to Plaintiff's fault, or the fault of third parties.

**TENTH AFFIRMATIVE DEFENSE**

**(Conduct Not Ratified)**

10.      If any of the alleged wrongful acts in the Complaint were committed by Defendant's employees or by third parties not employed by Defendant, although such is not herein or hereby admitted and is specifically denied, then such actions were committed outside the scope of employment, and/or such conduct was unknown to, and not ratified by, Defendant, and thus Defendant is not liable for them.

ANSWER TO COMPLAINT
4879-1743-1599v.2 0081081-000066

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## ELEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

11.     The Complaint, and each and every cause of action therein, is barred to the extent that Defendant has discovered facts, or may later discover facts, which, if known to Defendant prior to Plaintiff's termination of employment, would have created additional grounds or bases for Defendant's decision to terminate Plaintiff's employment.

## TWELFTH AFFIRMATIVE DEFENSE

### (Other Factors / Mixed-Motive)

12.     Even if Plaintiff could prove that an illegal motive was a factor in any employment action by Defendant – although such is not hereby admitted and is specifically denied – there were other legitimate factors that motivated the action.  Defendant asserts that it would have taken the same action with respect to Plaintiff in the absence of any impermissible motivating factors.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Perception or Knowledge of Disability)

13.     The Complaint, and each and every cause of action therein, is barred because Defendant did not perceive that Plaintiff had a disability and/or lacked knowledge of Plaintiff's alleged disability.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Public Policy Violated)

14.     The fifth cause of action is barred because Defendant's conduct did not violate any established public policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Knowledge of Protected Activity)

15.     The Complaint, and each and every cause of action therein, is barred in whole or in part because, even assuming *arguendo* that Plaintiff engaged in protected activity, Defendant was not aware that Plaintiff engaged in any protected activity.

ANSWER TO COMPLAINT
4879-1743-1599v.2 0081081-000066

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Causal Link)

16.     The Complaint, and each and every cause of action therein, is barred in whole or in part because there is no causal link between Plaintiff's termination of employment and any protected activity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

17.     Any injuries or damages allegedly suffered by Plaintiff were not proximately caused by any acts or omissions of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

18.     The Complaint, and each and every cause of action therein, is barred because Plaintiff would be unjustly enriched if Plaintiff is permitted to recover on the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

19.     While Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has suffered legally recognizable damages, such damages must be reduced or denied in their entirety to the extent that Plaintiff has failed to take reasonable action to mitigate or minimize Plaintiff's alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

20.     The Complaint, and each and every cause of action contained therein, fails to state facts sufficient to entitle Plaintiff to an award of exemplary or punitive damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

21.     Plaintiff is precluded from recovering punitive damages, either in whole or in part, from Defendant, under the applicable provisions of law, including, but not limited to Article I, Section 10, Article IV, Section 2 and the First, Fifth, Sixth, Eighth and Fourteenth Amendments

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of the United States Constitution and Article I, Section 7, 9, 15, 17, and Article IV, Section 16 of the California Constitution and California Civil Code Section 3294.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedies)

22.     Plaintiff is barred from asserting the request for equitable relief alleged in the Complaint because Plaintiff has adequate remedies at law and/or the equitable relief is neither necessary nor proper.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Injunction Improper)

23.     Plaintiff is not entitled to the injunctive relief requested in the Complaint as Plaintiff cannot obtain injunctive relief based on past conduct.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

24.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that it would be appropriate.


## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by way of the Complaint;

2.     That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3.     That Defendant be awarded its costs of suit;

//

//

//

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ANSWER TO COMPLAINT
4879-1743-1599v.2 0081081-000066

4.     That Defendant be awarded attorneys' fees pursuant to statute and/or contract; and

5.     For such other and further relief as the Court deems just and proper.

DATED: September 2, 2022                    DAVIS WRIGHT TREMAINE LLP
                                           GIANCARLO UREY
                                           LORRAINE WANG


                                           By:_____
                                                      Lorraine Wang

                                           Attorneys for Defendant
                                           TRIPLE B CORPORATION dba
                                           CHARLIES PRODUCE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ANSWER TO COMPLAINT
4879-1743-1599v.2 0081081-000066

<u>PROOF OF SERVICE BY MAIL</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On September 2, 2022, I served the foregoing document(s) described as:
**ANSWER TO COMPLAINT**
 by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

D. Aaron Brock, Esq.
Jesse S. Stratos, Esq.
Brock & Gonzales, LLP
6701 Center Drive West, Suite 610
Los Angeles, CA 90045

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on September 2, 2022, at Los Angeles, California.


☑    State        I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐    Federal      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.


| Frank M. Romero | *Frank M. Romero* |
| --- | --- |
| Print Name | Signature |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Branch Name:** Stanley Mosk Courthouse
**Mailing Address:** 111 North Hill Street
**City, State and Zip Code:** Los Angeles CA 90012

| | |
|---|---|
| **SHORT TITLE:** MATTHEW LOPEZ vs CHARLIES PRODUCE | **CASE NUMBER:**<br>22STCV25850 |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Legal Connect
Reference Number: 6293142_2022_09_02_10_19_51_523_7
Submission Number: 22LA01100306
Court Received Date: 09/02/2022
Court Received Time: 10:46 am
Case Number: 22STCV25850
Case Title: MATTHEW LOPEZ vs CHARLIES PRODUCE
Location: Stanley Mosk Courthouse
Case Type: Civil Unlimited
Case Category: Wrongful Termination
Jurisdictional Amount: Over $25,000
Notice Generated Date: 09/02/2022
Notice Generated Time: 10:49 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Answer | Accepted |

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Legal Connect
Contact: Legal Connect
Phone: (800) 909-6859

---

**NOTICE OF CONFIRMATION OF FILING**

<u>PROOF OF SERVICE BY MAIL</u>

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

      On September 7, 2022, I served the foregoing document(s) described as: **NOTICE OF REMOVAL AND REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331 AND 1332 (FEDERAL QUESTION AND DIVERSITY JURISDICTION)** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

D. Aaron Brock, Esq.
Jesse S. Stratos, Esq.
Brock & Gonzales, LLP
6701 Center Drive West, Suite 610
Los Angeles, CA 90045

      I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

      Executed on September 7, 2022, at Los Angeles, California.

☐    State    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☑    Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Frank M. Romero | *Frank M. Romero* |
| Print Name | Signature |