Electronically FILED by Superior Court of California, County of Los Angeles on 08/10/2022 03:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
22STCV25850
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Fruin

**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
D. AARON BROCK, STATE BAR NO. 241919
JESSE S. STRATOS, STATE BAR NO. 313429

**Attorneys for Plaintiff**
Matthew Lopez

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL

| | |
|---|---|
| MATTHEW LOPEZ, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CHARLIES PRODUCE, a Washington corporation; and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: 22STCV25850 <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:** <br><br> (1) **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA;** <br><br> (2) **RETALIATION IN VIOLATION OF THE FEHA;** <br><br> (3) **FAILURE TO PREVENT IN VIOLATION OF THE FEHA;** <br><br> (4) **VIOLATION OF FAMILIES FIRST CORONAVIRUS RESPONSE ACT; and** <br><br> (5) **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.** <br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

1
**COMPLAINT**

Plaintiff, MATTHEW LOPEZ, hereby brings his employment complaint, demanding a trial by jury, against the above-named Defendants and states and alleges as follows:

### THE PARTIES

1. Plaintiff, MATTHEW LOPEZ, is an individual and resident of the State of California.

2. At all times mentioned herein, Defendant CHARLIES PRODUCE was a Washington corporation doing business in the County of Los Angeles at 5301 Rivergrade Road, Irwindale, California 91706. At the time the causes of action arose, Defendants CHARLIES PRODUCE and/or DOES 1-50 were Plaintiff's employer(s).

3. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under said fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

4. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

5. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them

### THE ALLEGATIONS

6. Plaintiff worked for Defendant from on or about August 5, 2019 until Defendant wrongfully terminated Plaintiff's employment on or about August 19, 2020.

7. Plaintiff worked for Defendant in the position of Order Selector. At all times, Plaintiff was a good employee.

8. On or about December 16, 2020, Plaintiff sustained the disability of a fractured knee. Plaintiff notified Defendant of his disability and requested an unpaid, finite leave of absence to treat and recover as reasonable accommodation for his disability. Plaintiff returned to work in or around January 2020. Plaintiff is informed and believes, and based thereon alleges, that Defendant was frustrated that it had to provide reasonable accommodation to Plaintiff.

9. Plaintiff's wife is an emergency room nurse. In or around April 2020, when the COVID-19 pandemic began stressing the hospital systems, Plaintiff's wife was required to work a more demanding schedule. At the same time, Plaintiff's child's childcare provider closed and/or was unavailable for reasons related to COVID-19. As a result, Plaintiff became the primary caretaker for his child. Therefore, Plaintiff notified Defendant of his situation and despite being eligible for protected leave under the Family First Coronavirus Response Act ("FFCRA"), Defendant did not provide Plaintiff with notice of his rights under the FFCRA or provide him leave under the FFCRA. Instead, Defendant began punishing Plaintiff for his attendance.

10. The situation culminated in August 2020, when again Plaintiff was unable to work due to that fact that Plaintiff's child's childcare provider closed and/or was unavailable for reasons related to COVID-19. Defendant did not provide Plaintiff with notice of his rights under the FFCRA or provide him leave under the FFCRA. Instead, Defendant accused Plaintiff having attendance issues and terminated Plaintiff's employment, claiming he abandoned his job.

11. Plaintiff is informed and believes, and based thereon alleges, that Defendant interfered with Plaintiff's right under the FFCRA and wrongfully terminated Plaintiff's employment on the basis of Plaintiff's disability and/or in retaliation for needing reasonable accommodation.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12. On August 10, 2022, Plaintiff filed charges with the State of California, Department of Fair Employment and Housing. The Department of Fair Employment and Housing closed Plaintiff's case in order to allow Plaintiff to pursue his civil remedies under the Fair Employment Housing Act ("FEHA") and issued Plaintiff a "Right-to-Sue" letter that same day.

3
COMPLAINT

# FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

13. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 12 of this Complaint.

14. At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

15. The FEHA requires Defendants to refrain from discriminating against any employee on the basis of actual and/or perceived disability.

16. Defendants engaged in unlawful employment practices in violation of the FEHA.

17. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

18. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

19. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

20. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination based on a disability and required Defendant's managers,

1  officers, and agents to prevent disability discrimination. However, Defendants chose to
2  consciously and willfully ignore said policies and procedures and therefore, their outrageous
3  conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights
4  of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided,
5  abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct
6  alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against
7  each Defendant in an amount to be established that is appropriate to punish each Defendant and
8  deter others from engaging in such conduct in the future.

## SECOND CAUSE OF ACTION
### RETALIATION IN VIOLATION OF THE FEHA
**(Against ALL Defendants)**

21. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 20 of this Complaint.

22. The FEHA protects all individuals from retaliation for engaging in a protected activity. Plaintiff engaged in a protected activity by reporting his actual and/or perceived disability(s) and/or needed accommodation for his disability(s).

23. Thereafter, Defendants retaliated against Plaintiff and terminated his employment.

24. As a direct and proximate result of the acts of Defendants, Plaintiff has and will continue to suffer severe mental anguish and emotional distress in the form of anger, anxiety, embarrassment, headaches, humiliation, loss of sleep, confidence, self-esteem and general discomfort; will incur medical expenses for treatment by psychotherapists and other health care professionals, and other incidental expenses; suffer loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount according to proof at trial.

25. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

26. As a direct and proximate result of Defendants' discriminatory conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is therefore entitled to reasonable attorneys' fees and costs of suit, pursuant to Government Code §§ 12940, 12965 subdivision (b).

27. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent retaliation against and upon their employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

### THIRD CAUSE OF ACTION
### FAILURE TO PREVENT IN VIOLATION OF THE FEHA
**(Against ALL Defendants)**

28. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 27 of this Complaint.

29. At all times mentioned herein, California Government Code Section 12940, et seq., including but not limited to Section 12940 (k), was in full force and effect and was binding upon Defendants and each of them. This section imposes on an employer a duty to take all reasonable steps necessary to prevent discrimination and retaliation from occurring, among other things.

30. Defendants failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

///
///

31. In failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination and retaliation from occurring, Defendants violated California Government Code § 12940 (k), causing Plaintiff to suffer damages as set forth above.

32. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

33. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

34. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

35. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination and retaliation against and upon their employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each

Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

### FOURTH CAUSE OF ACTION

### VIOLATION OF FAMILIES FIRST CORONAVIRUS RESPONSE ACT

### (Against ALL Defendants)

36. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 35 of this Complaint.

37. On April 1, 2020, the Families First Coronavirus Response Act ("FFCRA") became effective and created two new emergency paid leave requirements in response to the COVID-19 global pandemic. Division E of the FFCRA, "The Emergency Paid Sick Leave Act" ("EPSLA"), entitles certain employees to take up to two weeks of paid sick leave. Division C of the FFCRA, "The Emergency Family and Medical Leave Expansion Act" (EFMLEA), amended Title I of the Family and Medical Leave Act, 29 U.S.C. 2601 et seq. (FMLA), and permits certain employees to take up to twelve weeks of expanded family and medical leave, ten of which are paid, for specified reasons related to COVID-19.

38. At all times material herein, Defendants were covered entities under the FFCRA. At all times material hereto, Plaintiff was a covered employee under the FFCRA pursuant to 29 CFR § 826.20.

39. At all times material herein, it was "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA, of which Division C of the FFCRA made the EFMLEA a part of. (29 USC § 2615(a)(1); 29 CFR § 825.220(a)(1).)

40. Plaintiff requested leave pursuant to Division C of the FFCRA, the EFMLEA, to care for his child due to his children's school and/or place of care closing related to COVID-19.

41. Defendants willfully interfered with Plaintiff's rights and his exercise and/or attempted exercise of those rights. Defendant then terminated Plaintiff in retaliation for her request for leave and/or taking leave in violation of the FFCRA

///

8
**COMPLAINT**

42. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

43. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

44. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under the FFCRA.

45. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination and/or retaliation and required Defendant's managers, officers, and agents to prevent discrimination and/or retaliation. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

///
///

## FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against ALL Defendants)

46. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 45 of this Complaint.

47. At all times mentioned, the public policy of the state of California, as codified, expressed and mandated in California Government Code §12940 et seq. is to prohibit employers from discriminating and retaliating against any individual on the basis of perceived and/or disability, and/or for engaging in protected activities, including requesting and/or taking protected leave. This public policy of the state of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large.

48. At all times mentioned, the public policy of the United States, as well as the state of California, as codified, expressed and mandated in "The Families First Coronavirus Response Act" is to prohibit employers from discriminating and retaliating against any individual who takes leave and/or attempts to take leave to care for his/her children due to his/her children's school and/or place of care closing related to COVID-19. This public policy of the state of California is designed to protect all employees and to promote the welfare and wellbeing of the community at large.

49. Accordingly, the actions of Defendants, as described herein, were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California and the laws and regulations promulgated thereunder.

50. As a proximate result of the aforesaid act of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

51. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

52. Defendants had in place policies and procedures that specifically required Defendants' managers, officers, and agents to prevent the termination of its employees based on California public policy. Plaintiff relied on the fact that Defendants would follow these known policies, yet Defendants consciously chose not to follow said policies. Therefore, Defendants' conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive damages;
4. For medical expenses and related items of expense, according to proof;
5. For loss of earnings, according to proof;
6. For attorneys' fees, according to proof;
7. For prejudgment interest, according to proof;
8. For costs of suit incurred herein;
9. For declaratory relief pursuant to Harris v. City of Santa Monica;
10. For injunctive relief pursuant to Harris v. City of Santa Monica; and
11. For such other relief and the Court may deem just and proper.

11
**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: August 10, 2022

BROCK & GONZALES, LLP

By: _____

D. AARON BROCK

JESSE S. STRATOS

Attorneys for Plaintiff